FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAY 12 2026

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

LOUIE GUADALUPE

Criminal No. 3:26-cr-//

[UNDER SEAL]

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Arnold P. Bernard, Jr., Assistant United States Attorney for said district, and submits the following Indictment Memorandum to the Court:

## I.  THE INDICTMENT

A federal grand jury returned a six-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Engaging in the business of manufacturing and dealing in firearms without a license, on or about March 12, 2026 and continuing thereafter until on or about April 15, 2026 | 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D) |
| 2 - 4 | Possession of a firearm by a convicted felon, on or about March 12, 2026, March 26, 2026, March 31, 2026 | 18 U.S.C. § 922(g)(1) |
| 5 - 6 | Unlawful possession and transfer of a machinegun on or about April 1, 2026 and April 15, 2026 | 18 U.S.C. § 922(o)(1) |

## II.  ELEMENTS OF THE OFFENSES

### A.    As to Count One:

For the crime of engaging in the business of manufacturing and dealing in firearms

without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D), to be established, the United States must prove the following elements beyond a reasonable doubt:

1.    That the defendant was engaged in the business of dealing in firearms;

2.    That the defendant was not a federally licensed firearms dealer; and

3.    That the defendant acted willfully.

**B.    As to Counts Two through Four:**

For the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the United States must prove the following elements beyond a reasonable doubt:

1.    That the defendant knowingly possessed a firearm described in Counts Two through Four of the Indictment;

2.    At the time of the charged act, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3.    At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4.    The defendant's possession was in or affecting interstate or foreign commerce.

**C.    As to Counts Five and Six:**

For the crime of unlawful possession and transfer of a machinegun, in violation of 18 U.S.C. § 922(o)(1), to be established, the United States must prove the following elements beyond a reasonable doubt:

1.    The defendant, on or about the date set forth in the Indictment, possessed the firearm described in the Indictment.

2

2.      The firearm identified in the Indictment was, on the date charged in the Indictment, a machinegun as defined in Title 18, United States Code, Section 921(a)(24) and Title 26, United States Code, Section 5845(b).

3.      The defendant knowingly possessed the firearm.

4.      The defendant knew that the characteristics of the firearm he possessed met the statutory definition of a "machinegun."

### III.   PENALTIES

**A.      As to Count 1:   Engaging in the business of manufacturing and dealing in firearms without a license (18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D)):**

1.      A term of imprisonment of not more than five (5) years.

2.      A fine of not more than $250,000.

3.      A term of supervised release of not more than three (3) years.

4.      Any or all of the above.

**B.      As to Counts 2 through 4:   Possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)):**

1.      A term of imprisonment of not more than fifteen (15).   However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2.      A fine of not more than $250,000.

3.      A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies).

**C.**    **As to Counts 5 and 6: Unlawful possession and transfer of a machinegun (18 U.S.C. § 922(o)(1)):**

1.    A term of imprisonment of not more than ten (10) years;

2.    A fine of $250,000.

3.    A term of supervised release of not more than three (3) years.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed at each count of conviction, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Not applicable in this case.

## VI.  FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney


*/s/ Arnold P. Bernard, Jr.*
ARNOLD P. BERNARD, JR.
Assistant United States Attorney
PA ID No. 313734

4